MARY NEAL LANGLEY, *Appellant*, v. IRONS LAND AND DE-
VELOPMENT COMPANY, *Appellee*.

Division A.

Opinion Filed June 14, 1927.

*W. Ross Burton*, for Appellant;

*H. H. Eyles*, for Appellee.

ELLIS, C. J.—The appellant exhibited her bill in chancery against the appellee praying for the cancellation of certain promissory notes given in part payment of the purchase price of a lot located in a certain "subdivision of Dade County, Florida, known as Iron Manor." The notes were dated August 20, 1925. There were six in number, the last maturing three years after date.

In February, 1925, the complainant, as it is alleged,

discovered that the lot which was shown to her by the agent and which she agreed to buy was not the lot described in her contract. No fraud, accident or mistake is alleged. The prayer of the bill is that the cash payment of $2,060.50, which was made at the time of the purchase, be refunded; that the notes aggregating the sum of $6,-187.50 be canceled and that if the notes have been transferred that the defendant be required to secure the complainant against damage on account thereof. A copy of the contract for the purchase of the lot was attached to the bill and by apt words made a part of it. It described the property purchased as: "Lot 10 of Block 35 of IRONS MANOR, a subdivision, as per plat recorded in Plat Book 17, at Page 39 of the Public Records of Dade County, Florida."

The defendant Corporation demurred to the bill and the demurrer was sustained. Thereupon complainant filed an amended bill to which the defendant demurred and the demurrer was sustained. The order was made November 16, 1926.

On January 10, 1927, the complainant filed her notice of entry of appeal. Complainant three days afterwards filed her assignment of errors, a copy of which was served upon counsel for defendant. Amended directions for making up the transcript were filed January 25, 1927, and a copy served on defendant's counsel. The directions to the clerk first filed were filed January 13, 1927, and a copy served upon defendant's counsel.

The service of copies of these papers upon defendant's counsel is evidenced by the certificate of complainant's solicitor.

The rule requires that when service of such papers is made "otherwise than by an executive officer of this

Court proof thereof shall be made by affidavit.'' See Rule 30, Rules of Supreme Court.

The solicitor for appellee moves to strike from the transcript the assignment of errors and the original and amended directions to the clerk for making up the transcript of record upon the ground that it does not appear due and proper service of copies of the documents mentioned was made upon the defendant or its counsel.

The purpose of the rule was to secure to the appellee notice of the filing of such papers. It requires that copies should be delivered to the party to be served or left at his office during business hours or at his dwelling house with some member of his family or sent to him through the post office. That portion of the rule requiring proof of service is directory only. If service was actually made and the party to be served thus received the notice in due time of the filing of the papers and their contents he could not claim injury because the service was not evidenced to this Court by an affidavit.

Since the filing of the motion the solicitor for appellant has supplied the required proof of service and as no issue is taken upon it and proof to the contrary shown the motion will be denied.

We have stated the case fully and in doing so have necessarily considered the character of the bill and the merits of the demurrer.

Motion denied.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.