LILA M. LLOYD, *Appellant,* v. THE COOPER CORPORATION, a Corporation of the State of Ohio, *Appellee.*

En Banc.

Opinion filed February 3, 1930.

262

*Burton G. Henson, Pat Whitaker* and *E. R. Dickenson,*
for Appellant;

*C. H. Martin,* for Appellee.

ANDREWS, Commissioner:

Motion was filed by appellee to dismiss above suit in this
Court for failure of appellant to serve a copy of written
direction upon it made to the clerk indicating the papers
and proceedings to be recited or copied in and made a part
of the transcript of record. Attached to the motion and
made a part thereof is what purports to be a carbon copy
of said directions which differs in several items from that
evidenced in the transcript, in that several papers named
in the copy wherein the clerk was directed to "recite the
filing," while similar papers as evidenced by the transcript
were directed to be "inserted" or "recited in full."

Attached to reply of appellant to said motion is original directions at the bottom of which there appears a receipt of a "copy of the foregoing directions to the clerk," signed by counsel for appellee. The latter appears to be an exact copy of those evidenced in the transcript. The appellee claims in his motion that not having been served with a true copy he is entitled to a dismissal under Special Circuit Court Rule 4, in equity suits on appeal. This rule provides that:

"It shall be the duty of the appellant, when he applies to the clerk for the transcript of the record in any chancery cause, to file with the clerk of the court whose decree or order is appealed from, a complete assignment of all the errors he intends to rely upon for reversal in the Appellate Court, and at the same time he shall file a written direction to the clerk indicating the papers and proceedings that are to be copied and made a part of the transcript of the record, and those that are to be recited therein, and also those that are to be omitted therefrom, which written direction shall indicate a date on which the clerk shall commence the making up of such transcript, which date shall be fixed at not less than fifteen days after the date of the filing of such written direction; and a copy of such written direction and assignment of errors shall be served on the appellee, or his attorney within five days after it is filed with the clerk. * * * Any failure on the part of the appellant to comply with the foregoing provisions shall be cause for dismissal of the appeal by the Appellate Court."

The above rule requires that the written directions shall indicate (1) the papers and proceedings to be "copied and made a part of the transcript," (2) those "to be recited,"

(3) those "to be omitted." If the transcript should contain "copies in full" instead of "recited" proceedings, it would seem to appear less objectionable to appellee than to "recite" entry only.

We cannot see that the variance as between the copy of directions left with appellee and that of the originals (for which his receipt appears) used in the transcript could constitute fraud or such error as would authorize this Court to grant a dismissal. It is observed that the rule provides that any failure on the part of appellant to comply with the provisions recited "shall be cause" for dismissal; but it is not our view that a variance as between the copy and the directions copied in the transcript requires a dismissal *ipso facto*, but merely furnishes "cause" for dismissal; and, therefore, should not be applied unless the variance is such that appellee's rights would be materially as well as adversely affected.

In the case of Langley v. Irons Land & Dev. Co., 94 Fla. 20, 113 So. R. 663, this Court speaking through Mr. Justice ELLIS said:

"One who moves to strike from the files of this Court or to eliminate from the transcript of record filed here an assignment of errors or the directions to the clerk for making up the transcript of record should affirmatively show that no service was in fact made upon him of a copy of such document."

In the above case, it was also said that the purpose of the rule (30) requiring that the copy should be delivered to the party to be served, was to secure to appellee notice of the filing of such papers, and that proof of such service was directory only.

The facts recited in the above case differ from the facts in the present case in that in the former the question was

as to whether the service was properly evidenced by the certificate of appellant's solicitor, while in the present case it appears that the directions evidenced in the transcript, the original of which bears the signature of appellee's counsel, varies from said copy left with appellee's counsel.

The record does not show that appellee filed any additional directions to the clerk, as he may do under the same Special Rule 4 at any time before the date of the beginning to make up same.

It appearing to the Court that sufficient cause has not been shown to authorize a dismissal of the case, said motion to dismiss is denied and it is so ordered.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered and ordered by the Court that the motion to dismiss the appeal in this cause be, and the same is hereby, denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.